# UNITED STATES DISTRICT COURT

# MIDDLE EASTERN/WESTERN DISTRICT OF TENNESSEE

[PLAINTIFF] ON BEHALF OF

THEMSELVES AND ALL

OTHER'S SIMILARLY SITUATED,

PLAINTIFF,

VS.

TENNESSEE DEPARTMENT OF

CORRECTIONS [COMMISSIONER]/

TROUSDALE TURNER CORECTIONAL

CENTER AND OTHERS OFFICIAL

CAPACITY DEFENDANTS.

DEFENDANT

RECEIVED

MAR 2 3 2026

U S DISTRICT COURT
MIDDLE DISTRICT OF TN

## A. NATURE OF ACTION

1. This is a class action under 42 U.S.C § 1983 seeking declaratory and conjunctive relief and damages, for systematic and ongoing violations of the rights of incarcerated person related to the arbitrary computation, denial and removal of sentence reduction credits commonly called "good time" and "behavior credits"

2. Defendants administer Tennessee sentence reduction credits statute, codified at Tenn Code

ANN § 41-21-236 ("sentence reduction credits") which governs the allocation and removal of such credits for inmates in the custody of the Tennessee Department of Correction (T.D.O.C.)

## B. JURISDICTION VENUE

3. Plaintiff brings this action under 42 U.S.C. § 1983 for violations of the U.S. Constitution (due process, equal protection and others applicable rights).

4. Venue is proper because the events giving rise to these claims occurred within this judicial district and because T.D.O.C. operates throughout the state of Tennessee.

## C. CLASS DEFINITION

3. The proposed class consists of all current and future inmates under T.D.O.C. custody who:

a. Have earned or are eligible to earn sentence reduction credits under Tenn. Code Ann. § 41-21-236; and;

b. Have been denied, improperly reduced, or arbitrarily had those credits removed, applied or recalculated in a manner inconsistent with statutory or constitutional requirements

## D. STATUTORY & POLICY FRAMEWORK

6) Tennessee law provides that inmates may be awarded time credits for good institutional behavior or satisfactory performance in work or programs ranging from 1 to 16 days per month (up to eight days for good behavior, and eight days for program performance). These credits are discretionary and subject to criteria set by T.D O C.

7. Sentence credits are not automatic and are awarded only when the responsible warden, in their discretion and under criteria established by T D.O.C., approves them after receiving as written documentation proving eligibility.

8 Credits are subject to removal by the Inmate Disciplinary Oversight Board for Disciplinary Infractions, the statute states that "Inmates do not have any right to these credits or to participate in any specific program".

9 Educational credits (e g 60 days for a GED/diploma/certification) are also governed by the

statue, but eligibility is contingent on prior approval by TDOC and is limited to one such credit per qualifying individual.

10. Recent changes to the statute (effective July 1st, 2024) limited the use of sentence reduction credits for inmates serving more than two years; They may only reduce parole eligibility and shall not alter the sentence expiration date.

## E FACTUAL ALLEGATIONS

11. T.D.O.C.'s policies and practices regarding sentence credits are vague, lack clear standards leave determination entirely subjunctive discretion resulting in inconsistent awarding and removal of credits without due process.

12. T.D.O.C 's routinely denies credit without providing adequate notice, explanation or opportunity for meaningful review resulting in extended incarceration beyond statutory or anticipated release dates.

13. Many class members have been denied credits documented good behavior or program completion, or had credits removed without timely notice of disciplinary determinations.

14. T.D.O.C.'s credit review, removal and calculation procedures fail to provide constitutionally sufficient procedural safeguards including due process and equal treatment for similarly situated inmates.

## F. CLAIMS FOR RELIEF

### COUNT I - VIOLATION OF DUE PROCESS (U.S. CONST. AMEND. (IV)

15. The statutory framework and T.D.O.C.'s implementation deprive inmates of liberty interest (credit awards and release eligibility) without adequate procedures, leading to arbitrary deprivation of earned credits

### COUNT II – EQUAL PROTECTION (U.S. CONST. AMEND.. XIV)

16. Class members similarly situated are treated disparately without legitimate penological or rational basis.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion and Memorandum has been mailed to the following, on this the __16__ day of __March__ 20 __26__ , with prepaid, 1st Class Postage affixed, being delivered to the prison mailroom authorities:

Respectfully submitted

_Antonio Champion #296256_
Antonio Champion

_Lamar Taylor 348804_
Lamar Taylor

_Brian Brawner 103812_
Brian Brawner

_Bruce Orr 646160_
Bruce Orr

_Willie Moore 129951_
Willie Moore

_Jordan Miller 667302_
Jordan Miller

_Jesse Weary #006349919_
Jesse Weary

DON FOSTER #164015
Don A. Foster

ACHA 510295
James Hart

Marico Branson
Marico Branson

521954
Daniel Perkins

Jermaine Bailey #628438
Jermaine Bailey

Leslie Ware #524719
Leslie Ware

Timothy Johns
Timothy Johns

John Gardner #124749
John Gardner

Aaron Peete 617 441 #
Aaron Peete

Timothy Crawford #143458
Timothy Crawford

Vance Vandiver 234579
Vance Vandiver

Girtes Stewart
Girtes Stewart

Timothy Taylor

Carlous L. Clark #96068
Carlous L. Clark

© USPS 2022

THIS ENVELOPE IS RECYCLABLE AND MADE WITH 30% POST CONSUMER CONTENT

FSC
MIX
Envelope
FSC® C137131

Lamar Taylor 348804
TTCC
140 Macon Way
Hartsville, TN 37074

RECEIVED
MAR 23 2026
U S DISTRICT COURT
MIDDLE DISTRICT OF TN

Clerk of the court
719 Church St.
Nashville, TN 37203



FOREVER / USA